DLD-300                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1906
_____

GARY BANKS,
                              Appellant

v.

LT.  MECK, S.C.I. Forest; STEPHEN BEST, Correctional Officer, S.C.I. Forest;
RHONDA SHERBINE; TRACEY, LPN, S.C.I. Forest
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-555)
District Judge:  Honorable David S. Cerone
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 27, 2013

Before: AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: July 23, 2013 )
_____

OPINION
_____

PER CURIAM

    Appellant Gary Banks, a Pennsylvania inmate, appeals from an order of the

District Court granting summary judgment in favor of the Defendants in this pro se civil

rights action. For the following reasons, we will summarily affirm the judgment of the District Court.

Because we write primarily for the parties, we need only recite the background necessary for our discussion, and we have based the following on both Banks' allegations and the Defendants' uncontested counter-assertions. On May 9, 2008, while Banks was housed at the State Correctional Institution at Forest located in Pine Grove, Pennsylvania ("SCI-Forest"), he was subject to a cell extraction. Two days earlier, on May 7, 2008, Banks had been temporarily moved from Cell JD-1012 to Cell JD-1006 so that maintenance could be performed in Cell JD-1012, and in order to change Banks' permanent cell assignment.

While being placed in Cell JD-1006, Banks threatened that he would assault staff at the first opportunity. As a result of those threats, Defendant Meck recommended that Banks be placed on a behavior modified meal where he would receive the same food as other inmates, but with minimal containers. On May 8, 2008, Banks' permanent cell assignment was changed from Cell JD-1012 to Cell JD-1010. The following day, Banks began siphoning urine and feces under his cell door, contaminating his cell and the housing unit. According to Banks, he was provoked into doing so because he was improperly served a modified meal.

After Banks' cell became contaminated, a decision was made to move Banks so that the cell could be cleaned. Banks was given several direct orders to stop siphoning urine and feces under his cell door, and to allow himself to be handcuffed so that he could

2

be removed from the contaminated cell. After Banks refused to comply with orders, a cell extraction team was assembled under the supervision of Defendant Meck.

Prior to the cell extraction, Defendant Meck confirmed with the medical department that Banks was medically cleared for the use of an Electronic Barring Immobilization Device ("EBID") and oleoresin capsaicin ("OC spray") without restriction. After the extraction team was assembled, Banks was given several more direct orders to permit officers to handcuff him. He refused to comply. Defendant Meck then administered the OC spray into the cell with the door closed in an attempt to gain compliance without the use of force. After Banks again refused to come out of his cell, an extraction was performed. During the extraction, Banks attempted to assault staff by throwing feces and an unknown liquid on them, and by swinging at them when they entered the cell.

Following the extraction, Banks was placed in another cell and was medically assessed through the window by Defendant Nurse Igoe. According to medical reports, Banks did not sustain significant injuries as a result of the extraction, only minor abrasions on his wrists from the handcuffs.

In June 2011, Banks filed a second amended complaint pursuant to 42 U.S.C. § 1983 in the District Court. He named as Defendants the following employees at SCI-Forest: Lieutenant Meck; Correctional Officer Stephen Best; Physicians Assistant Rhonda Sherbine; and LPN Tracey Igoe. Banks alleged that the Defendants violated his rights as protected by the Eighth and Fourteenth Amendments by using excessive force,

denying him basic necessities, subjecting him to unconstitutional conditions of confinement, and denying him adequate medical care. The District Court dismissed Banks' claim against Defendant Sherbine, and later awarded summary judgment on the claims against the other Defendants. Banks appeals.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's grant of summary judgment. See Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary action is warranted if an appeal presents no substantial question. LAR 27.4; I.O.P. 10.6.

Banks alleged that he was subjected to excessive force during the cell extraction. Specifically, he claims that the use of the EBID device and OC Spray was unwarranted. The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. See Hudson v. McMillian, 503 U.S. 1, 8 (1992). When reviewing Eighth Amendment excessive-force claims, we must determine whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. Whether the force applied was excessive requires the examination of several factors outlined by the Supreme Court in Whitley v. Albers, 475 U.S. 312, 321 (1986), including: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the

4

threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

We agree with the District Court that Banks failed to present any evidence that would establish that the Defendants used excessive force in removing him from the cell. Specifically, he did not offer any evidence contradicting the District Court's viewing of the video of the cell extraction, provided by the DOC, which showed that Banks was highly combative and that the Defendants used only the amount of force necessary to transport him to a different cell.

Banks does not dispute that he was given repeated orders to evacuate the cell before OC spray was utilized. Nor does he dispute that he was forcibly removed only after the spray had no apparent effect on him. Further, Banks has not set forth any evidence supporting his claim that he was "tortured" during the incident. To the contrary, the District Court observed that the recording did not show that Banks was ever punched, kicked, or pulled by his restraints during the incident. Thus, because there was no basis upon which a reasonable jury could conclude that the Defendants used excessive force in removing Banks from his cell, we will affirm the District Court's summary judgment ruling.

Banks also argues that he was unreasonably denied medical attention following the cell extraction. An inmate making an Eighth Amendment claim on the basis of the denial of medical treatment must show "(1) that the defendants were deliberately

5

indifferent to [his or her] medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Here, the defendants submitted the medical reports prepared after the relevant incidents. The reports belie Banks's claims.[1]

Following the cell extraction, Banks was assessed by Defendant Igoe. Banks had indentations around his wrists from the application of handcuffs, but no treatment was needed. Banks was instructed to put in a sick call if he needed follow-up treatment. When Banks was assessed a few days later, it was noted that the abrasions to his wrists were healing and he had good range of motion. Banks offers nothing more than his bare assertions to dispute the Defendants' evidence that they were not deliberately indifferent to his serious medical needs. Thus, the District Court properly granted summary judgment on this claim.

Banks also alleges that his Eighth Amendment rights were violated when he was temporarily placed on a behavior modified meal plan. As an initial matter, we note that this complaint does not rise to the level necessary to form the basis of an Eighth Amendment violation. See, e.g., LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993) (use of a "temporary Nutraloaf diet does not deny 'the minimal civilized measure of life's necessities'"). Further, as the District Court noted, Banks was given the same meal as

---

[1] The District Court earlier dismissed this claim against Defendant Sherbine after Banks conceded that he could not maintain an Eighth Amendment claim against her due to her lack of personal involvement in his care. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). The District Court did not err in so doing.

other inmates, albeit in a paper bag. That decision was reasonably made after Banks threatened the safety of staff members. Summary judgment was therefore appropriate.

Finally, Banks challenges the conditions of his confinement following the cell extraction. A prisoner making a conditions-of-confinement claim must satisfy the two-part test established in Farmer v. Brennan, 511 U.S. 825 (1994). First, the prisoner must show that he was subjected to a sufficiently serious deprivation that resulted in the denial of "the minimal civilized measure of life's necessities." Id. at 834 (internal quotations and citation omitted). Second, the prisoner must show that the defendant was "deliberately indifferent" to inmate safety. Id.

Although Banks claimed that he was held for approximately nine days in a "strip cell" without clothes, running water, a working toilet, and other necessities, the Defendants produced evidence to establish that these claims were untrue. Banks offered no evidence to the contrary. Thus, we conclude that the District Court properly granted summary judgment on this claim.

For the foregoing reasons, no substantial question is presented and we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.